**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: January 10, 2019
Date Decided: February 13, 2019

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

John L. Reed, Esquire
DLA Piper LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Re: *In re Xura, Inc. Stockholder Litigation*
Consolidated C.A. No. 12698-VCS

Dear Counsel:

On December 31, 2018, the court-appointed Special Master, Peter B. Ladig, Esquire, issued his Report and Recommendation No. 3 (the "Report") in which he recommended that the Court deny the parties' competing requests for fee shifting.[1] Specifically, the Petitioner, Obsidian Management, LLC, requested that the Court shift fees as a sanction for alleged spoliation of evidence by representatives of Respondent, Xura, Inc., and non-party, Siris Capital Group, LLC. Xura and Siris cross-moved for fee shifting as a sanction for Obsidian's alleged violation of Court

---

[1] D.I. 285.

orders relating to discovery in aid of Obsidian's spoliation allegations. The Special Master determined that Obsidian's request for fee shifting must await the Court's merits adjudication of Obsidian's motion for an adverse inference based on spoliation. As for Xura and Siris's request, the Special Master denied that request on the grounds that the movants had not carried their onerous burden of demonstrating bad faith and had not otherwise justified fee shifting as a sanction for discovery violations. Based on these findings, the Special Master recommended that both parties bear the Special Master's fees equally.

Xura and Siris have filed joint exceptions to the Report.[2] For the reasons that follow, the exceptions are overruled.

Under Court of Chancery Rule 144(c), "[a]ny party may take exception to a final report or a draft report" issued by a court-appointed special master.[3] When exceptions are taken, the Court reviews those exceptions, and the recommendations of the special master, *de novo*.[4]

---

[2] D.I. 288 (Opening Brief); DI 294 (Reply Brief).

[3] Ct. Ch. R. 144(c).

[4] *See Lynch v. City of Rehoboth Beach*, 2005 WL 2000774, at *1 (Del. Ch. Aug. 16, 2005).

Here, the exceptions rest principally on the premise that the Special Master ignored the fact that Obsidian initiated and pursued spoliation discovery in violation of the Court's orders. I disagree. The Special Master's Report clearly reflects that he was well aware of the Court's orders with respect to spoliation discovery and was also well aware of Obsidian's discovery conduct following the entry of those orders.[5] With knowledge of the Court's orders, the Special Master characterized Obsidian's discovery conduct as "aggressive but not unjustified."[6] I share that view. He also concluded, after careful analysis, that Xura and Siris had not carried their "stringent burden" of demonstrating that Obsidian engaged in bad faith litigation conduct in pursuing spoliation discovery.[7] After carefully reviewing the matter, I agree with that conclusion as well. Accordingly, "[b]elieving the [Special] Master to have dealt

---

[5] *See* Report at 8–9, 22–24.

[6] *Id.* at 20.

[7] *Id*. at 19 (quoting *Beck v. Atl. Coast PLC*, 868 A.2d 840, 851 (Del. Ch. 2005) ("The bad faith exception [to the American Rule] is not lightly invoked. The party seeking a fee award bears the stringent evidentiary burden of producing 'clear evidence' of bad faith conduct.")).

with the issues in a proper manner and having articulated the reasons for [his]

decision well, there is no need for me to repeat [his] analysis."[8]

The exceptions to the Special Master's Report are OVERRULED. The

Report is hereby adopted in its entirety.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

cc:    Marcus E. Montejo, Esquire
       Rudolf Koch, Esquire
       Robert S. Saunders, Esquire
       Michael F. Bonkowski, Esquire
       Peter B. Ladig, Esquire

---

[8] *In re Erdman*, 2011 WL 2191680, at * 1 (Del. Ch. May 26, 2011).